IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MELVIN D. ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV214-048 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR298-20) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Melvin Roberson ("Roberson"), who is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill"), filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss. Roberson filed a Response. For the reasons which follow, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Roberson was housed in a State of Georgia jail in 1998 facing pending state criminal charges when he was indicted in this District. This Court issued a writ obtaining temporary custody of Roberson. Roberson was convicted in this Court in 1998 for armed carjacking, in violation of 18 U.S.C. § 2119, after he pled guilty to that offense. Roberson was sentenced to 150 months' imprisonment and was returned to state custody. Roberson filed a direct appeal of his federal sentence, and the Eleventh Circuit Court of Appeals vacated his sentence and remanded with instructions to

resentence Roberson without an enhancement for reckless endangerment. This Court resentenced Roberson to 121 months' imprisonment, and the amended judgment did not specify whether Roberson's federal sentence was to run concurrently with his state sentence or consecutively to his state sentence.[1] Roberson was released to federal authorities on August 5, 2013, to begin serving his federal sentence after the completion of his state sentence.

In his motion, which was filed pursuant to 28 U.S.C. § 2255(f)(4), Roberson contends that he filed a request for nunc pro tunc designation with the Bureau of Prisons ("BOP") to award him with pre-sentence credit against his federal sentence for the time he served on his state sentence. Roberson's request was denied. (Doc. No. 1, p. 3). Roberson requests that the judgment in his federal case be amended to reflect that his state sentence was ordered to run concurrently with his federal sentence, or, in the alternative, for a judicial recommendation to the BOP that it award Roberson pre-sentence credit against his federal sentence pursuant to a nunc pro tunc designation.

The Government asserts that Roberson should file a 28 U.S.C. § 2241 petition in the District of South Carolina, as that is where he is currently incarcerated. The Government also asserts that Roberson's section 2255 motion should be dismissed, without prejudice.

## DISCUSSION AND CITATION TO AUTHORITY

Federal courts must "look behind the label" of an inmate's pro se motion and determine whether there is any framework under which his claim might be cognizable. United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990). If a federal prisoner

---

[1] Roberson was sentenced in state court in April 1999 to 180 months' imprisonment, to be served concurrently with his federal sentence. (Doc. No. 4, p. 2).

2

wants to challenge the execution of his sentence, rather than its validity, he may do so through a 28 U.S.C. § 2241 petition. <u>Antonelli v. Warden, United States Penitentiary Atlanta</u>, 542 F.3d 1348, 1352 (11th Cir. 2008). A federal prisoner "may proceed under § 2241 only when he raises claims outside the scope of § 2255(a)." <u>United States v. Nickson</u>, 521 F. App'x 867, 868–69 (11th Cir. 2013) (citing 28 U.S.C. § 2255(a), which provides that a prisoner may file a section 2255 motion on the grounds that (1) the sentence was imposed in violation of United States laws or the Constitution; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum punishment; or (4) the sentence is otherwise subject to collateral attack). Unlike § 2255 motions, petitions for habeas corpus relief under § 2241 must be brought in the federal district court for the district in which the inmate is incarcerated. 28 U.S.C. § 2241(d); <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991).

Roberson seeks an amendment to the judgment this Court entered to reflect that his state and federal sentences were to run concurrently or a judicial recommendation to the BOP that it award presentence credit against his federal sentence. Roberson's motion challenges the execution, not the validity, of his sentence. Accordingly, Roberson's claims are cognizable under section 2241, not section 2255. Roberson is incarcerated in Estill, South Carolina, and he should filed a 28 U.S.C. § 2241 petition in the District Court for the District of South Carolina to seek his requested relief.

3

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Roberson's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 11th day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)